PEOPLE v CUMMINS

1. CRIMINAL LAW—DEFENSES—INTOXICATION—SPECIFIC INTENT.

The trial court improperly ruled that the defendant could not offer the defense of intoxication since notice of the defense had not been filed as required by statute where record reveals that defense counsel was attempting to show that defendant's use of heroin immediately prior to the incident negated his mental ability to form the requisite specific intent and not that defendant claimed insanity due to intoxication; thus the trial court erred in informing defense counsel that defendant could not rely on a defense of intoxication (MCLA 768.20).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENSES—INTOXICATION.

Instructing the jury that it was necessary for a defendant to file notice in order to invoke the defense of intoxication was error such as to result in a miscarriage of justice so that defendant was denied a fair trial.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 February 8, 1973, at Detroit. (Docket No. 13198.) Decided March 27, 1973.

William Cummins was convicted of assault with intent to rob while armed and assault with intent to do great bodily harm less than murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P.*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 666, 667.

*Smith,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: T. M. Burns, P. J., and Bashara and Adams,* JJ.

Bashara, J. Defendant was convicted by a jury of assault with intent to rob while armed[1] and assault with intent to do great bodily harm less than murder.[2] He was sentenced to concurrent terms of 10 to 20 years and 5 to 10 years imprisonment.

Defendant contends that the trial court improperly instructed the jury on the issue of intoxication.

In order to resolve this issue it is necessary for us to determine the propriety of the trial judge's ruling that the defendant could not offer the defense of intoxication, since notice of the defense had not been filed as required by statute.[3] This occurred while defendant was testifying as to the ingestion of heroin immediately prior to going into the establishment where the offenses were allegedly committed. The trial judge dismissed the jury at that point and clearly indicated to defense counsel that defendant could not offer such a defense unless four days notice had been given to the prosecutor prior to trial. After this admonition from the trial judge, defense counsel indicated he did not wish to pursue intoxication as a defense.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.89; MSA 28.284.

[2] MCLA 750.84; MSA 28.279.

[3] MCLA 768.20; MSA 28.1043.

The statute requires notice when the defense is based on alibi or insanity, and not when intoxication is used to negate specific intent. This provision would be applicable to a defense of intoxication only where a defendant claimed insanity due to intoxication.

The record reveals that defense counsel was attempting to show that defendant's use of heroin immediately prior to the incident negated his mental ability to form the requisite specific intent. Thus, the trial court erred in informing defense counsel that defendant could not rely on a defense of intoxication.

At the close of proofs and argument the following instruction was given.

"Now there has been some testimony here, members of the jury, about narcotics and other things, and if you remember conclusively that I stated that the narcotics, if there were narcotics, and if a person was under the narcotics, he would have to file a notice with the prosecuting attorney four days prior to trial. The testimony in this case, members of the jury, that the defendant knew right from wrong, and the question of narcotics is not involved in this case, because you have heard the testimony from that chair from both sides as to whether or not the narcotics had any effect in this particular robbery."

Defendant made no objection. Absent a miscarriage of justice, appellate review is precluded, *People v Flatt*, 44 Mich App 452 (1973); *People v Mitten*, 44 Mich App 64 (1972).

However, it is error for the trial court to give a misleading or erroneous instruction. *People v Kelly*, 21 Mich App 612 (1970); *People v Price*, 21 Mich App 694 (1970). The instruction given was erroneous, in that it was not necessary to file notice in order to invoke the defense of intoxica-

tion. Further it is clear that intoxication was at least a factor in the matter since evidence was produced regarding defendant's use of narcotics immediately prior to the commission of the crime, and defendant was charged with crimes which required a specific intent. *People v Berryhill,* 8 Mich App 497 (1967); *People v Guillett,* 342 Mich 1 (1955).

The Supreme Court faced a similar situation in *People v Guillett, supra.* In that case, the trial court instructed the jury that intoxication would never be a defense to a crime. There was no request made by defendant nor did he object to the instruction as given. In reversing the conviction, the Court stated:

"Had the court in the instant case remained silent about intoxication it is possible, though we do not here decide it, that we would not have reversed, either because no requests had been made (intoxication apparently not being important enough to warrant a charge without a request, see *People v Prinz* [148 Mich 307 (1907)]; *People v Kanar* [314 Mich 242 (1946)]), or because a request, even if offered, might have been correctly refused on the ground that the evidence of intoxication was insufficient to raise such a defense. *People v Kirk,* 151 Mich 253 (1908).

"The error here is one of omission. The charge is one of half-truth and misleading. The effect of the instruction given in this case was to instruct the jury that any and all evidence of intoxication had absolutely no bearing on appellant's guilt of the crime charged. It has been said that a charge stating some elements of a crime but omitting others 'would have a natural tendency to cause a jury to believe that those stated were exclusive'. *People v MacPherson* (323 Mich 438), 452 (1949). It was, therefore, prejudicial to appellant. It was reversible error." *People v Guillett, supra,* at p 8.

As in *Guillett,* the instruction in the instant

case was erroneous and resulted in a miscarriage of justice so that defendant was denied a fair trial.
Reversed and remanded.
All concurred.