No. 81-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

LEONARD DAVE PEAVLER,

Defendant and Appellant.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade
Hon. H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Mark Bauer, Public Defender, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana

Submitted on briefs: September 25, 1981

Decided:

Filed: NOV 1 9 1981

Thomas J. Kearney
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a conviction of burglary committed in Cascade County. The appellant was tried by a jury and sentenced to five years as a nondangerous offender.

The sole issue is whether the District Court erred in excluding expert testimony on whether appellant's alleged intoxicated condition deprived him of his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.

Appellant has a long history of problems with alcohol. He has held numerous jobs until payday and then been fired because of alcohol-related problems. On April 18, 1980, appellant was at his home in Helena, Montana, drinking with three friends. His wife, who was present but not drinking, testified that the four friends consumed nearly a case of beer and were "pretty smashed" when appellant left for Great Falls in mid-afternoon.

That evening at approximately 10:00 p.m. a silent burglary alarm went off at Spencer's Store in the Holiday Village shopping mall and two police officers in the area were dispatched to investigate. Upon arrival they found that the bottom half of a split door leading into the store from the mall was unlocked but closed. The officers proceeded into the store and past a storage area. Subsequently, an individual bolted from the storage area, out the door, and into the mall. The officers chased and finally subdued the individual.

The store owner and his son arrived shortly thereafter. The police and owner checked the store, found no one else, and the police left. As the owner and his son

checked to see what was missing, they found a money bag, customarily used the open the store, was missing some $50. As they were leaving, the owner noticed the hands of the appellant extending out from under a bench in the storage area. The owner left the storage area and called the police. The police entered the store again and called upon the appellant to come out of hiding. Appellant came out peacefully and smoking a cigarette. Later, some of the missing money was found in the storage room where the appellant had hidden.

Spencer and the two arresting officers testified that the appellant emerged from the store very relaxed, his eyes were normal, and there were no signs of intoxication, although the officers noted a faint odor of alcohol on his breath.

Appellant's defense was, first, that he was a chronic alcoholic, could not control his drinking, and was therefore involuntarily intoxicated at the time of the offense. Second, because of this involuntarily-produced intoxication, he was completely deprived of his capacity to appreciate the criminality of his conduct or to conform his actions to the requirements of the law. As part of the defense, appellant had intended to ask a psychiatrist, Dr. Davis, and a psychologist, Dr. Bateen, the following question:

> "Doctor, assuming that Dave Peavler was intoxicated on April 18, 1980, and, as you know, was found in Spencer's Store in Holiday Village in Great Falls, do you have an opinion on reasonable medical/psychological certainty as to whether or not Dave Peavler's intoxicated condition deprived him of his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law?"

Appellant contends that his defense was completely

destroyed when the court granted the State's motion limiting the testimony of the psychologist and the psychiatrist.

The prosecution claims inability to appreciate the criminality of one's conduct or to conform one's conduct to the requirements of the law has not been recognized as a defense in Montana since 1979. The trial court agreed, and excluded that portion, but only that portion, of the psychologist's and psychiatrist's expert testimony. The appellant argued that section 45-2-203, MCA, allows the testimony.

Section 45-2-203, MCA, provides:

"Responsibility -- intoxicated or drugged condition. A person who is in an intoxicated or drugged condition is criminally responsible for conduct unless such condition is involuntarily produced and deprives him of his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. An intoxicated or drugged condition may be taken into consideration in determining the existence of a mental state which is an element of the offense."

In 1979, the legislature extensively amended the sections involved with the defense of mental disease or defect. House Bill 877 removed these two defenses from sections 46-14-213(2) and 46-14-301, MCA; but, in their efforts they failed for some reason to remove these defenses from the provisions of section 45-2-203, MCA. It is appellant's position that section 45-2-203, MCA, not having been changed in any way by the bill, entitles him to rely on same for his defense.

We find the case of State v. Ostwald (1979), 180 Mont. 530, 591 P.2d 646, 36 St.Rep. 442, controlling in this matter. There we held:

". . . We hold that where, as here, the

-4-

defense of intoxication shifts to a defense based on expert testimony as to the long term effects of alcoholism, then it becomes a defense of mental disease or defect within the purview of the statutes requiring notice . . . "  591 P.2d at 650.

While in this case notice was given in the defense, and the narrow question of Ostwald was whether the defendant's expert testimony could be presented in absence of prior notice, the clear holding of that case is much broader. Under Ostwald, once expert testimony is submitted on intoxication, the defense comes within section 46-14-101 et seq., MCA, for all purposes.

Ostwald holds that the proffer of expert testimony comes within section 46-14-213, MCA, which specifically limits the testimony that an expert may give. That testimony includes, "his opinions as to the ability of the defendant to have a particular state of mind which is an element of the offense charged." It does not include opinions on the ability to appreciate the criminality or to conform conduct to the requirements of the law. The District Court properly held that after the amendments of 1979, the legislature has done away with those two indicia of criminal reponsibility.

The judgment of the District Court is affirmed.


John Conway Harrison
Justice

-5-

We concur:

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea will file a concurring opinion.