No.  89-272

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,
        Plaintiff and Respondent,

    -v-

RUSSELL HEIT,
        Petitioner/defendant and Appellant.


APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        R. Allen Beck, Billings, Montana

        For Respondent:

            Marc Racicot, Attorney General
            Harold Hanser, County Attorney
            Curtis L. Bevolden, Deputy County Attorney


Submitted on Briefs:  April 12, 1990

                    Decided:  May 10, 1990

Filed:

_____
            Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

The defendant Russell T. Heit appeals the judgment of the Thirteenth Judicial District Court, Yellowstone County, convicting him of deliberate homicide and robbery, sentencing him to one-hundred and fifty years in the Montana State Prison, and denying him parole eligibility. We affirm the judgment, sentence, and order. Heit raises the following issues on this appeal:

(1) Did the District Court err in refusing an instruction on mitigated deliberate homicide as a lesser included offense of deliberate homicide?

(2) Did the trial court err in admitting evidence of the defendant's statements to a psychologist in sentencing, where this evidence was the apparent basis for the trial court's declaration that the defendant was ineligible for parole?

(3) Did the trial court fail to include a statement of reasons in declaring the defendant ineligible for parole as required by § 46-18-202(2), MCA.

On the afternoon of September 28, 1988 the body of bartender Gary Loos was found lying in a pool of blood behind the bar of the Acton Bar. Loos had been killed by a gunshot wound to the neck. A cash tray from the bar's cash register was found near the body.

Sheriff's deputies investigated the scene and among the items recovered were an unspent .22 caliber cartridge in front of the bar, a spent .22 shell on the back bar, two beer cans in front of the building and one on the bar, all with the defendant's fingerprints, a pack of Merit cigarettes, and a Merit cigarette

2

butt in an ashtray in the center of the bar. The deputies also interviewed several people who had seen a man matching Heit's description in the bar sometime between 1:00 p.m. and 2:00 p.m. They also described a motorcycle resembling the defendant's. That evening Doug Brandon, an acquaintance of Heit's, telephoned the Billings Police Department and informed them that Heit was involved in the Acton Bar homicide.

Heit was arrested the following day in Bridger Montana. After being read his <u>Miranda</u> rights, a deputy testified that Heit told him "I shot him, what the fuck does it matter . . . does it make any difference?" The officer testified that further questioning yielded the same response: "I shot the fucker. What fucking difference does it make? I shot him. What fucking difference does it make to his wife." According to the officers, Heit fully described the robbery while being transported, appearing arrogant but not intoxicated. According to Doug Brandon, on the day of the murder Heit told him about the shooting: "the guy said something to him that made him mad and he shot him."

At trial, the jury found Heit guilty of deliberate homicide and robbery. At the evidentiary hearing on sentencing the State requested the death penalty based on the theory that Heit had been lying in wait. At the hearing, the State called a court-appointed psychologist from Warm Springs State Hospital who testified regarding Heit's psychological and psychiatric evaluation and the report filed pursuant to the evaluation. The psychiatric examination of Heit indicated "poor judgment, irresponsibility,

3

aggressiveness, and impulsivity [sic]" as personality traits. The report also found that Heit was competent to stand trial, but also apparently suffered from an anti-social personality disorder and alcohol dependence:

> [h]e has a history of using physical aggression to vent his anger, despite some of his friends' current pronouncements that he is really a passive person. He admits to punching walls when he is angry, to "slapping around" his ex-wife and to severe verbal arguments with his most recent ex-wife. He has, on numerous occasions, reportedly boasted of killing someone.

At the sentencing the court found insufficient the facts offered by the State in support of its theory of lying in wait as an aggravating circumstance and denied its request for the death penalty. The court, in its conclusions of law, specifically found that the defendant showed no remorse and denied any remembrance of the crime, although Heit, in a letter to the Court, described himself as a nonviolent person.

Heit was sentenced to consecutive terms of 100, 40, and 10 years confinement. The court also concluded that Heit would be ineligible for parole pursuant to § 46-18-202, MCA. Heit now appeals.

## I.

Heit's first contention on appeal is that the District Court erred in refusing to instruct the jury on mitigated deliberate homicide as a lesser included offense of deliberate homicide. We disagree. Heit was charged alternatively with deliberate homicide under § 45-5-102(1)(a) or (b), MCA. The statute defining the lesser offense of mitigated deliberate homicide is set forth at

§ 45-5-103, MCA, and provides;

> **45-5-103. Mitigated Deliberate Homicide.** (1) A person commits the offense of mitigated deliberate homicide when he purposely or knowingly causes the death of another human being but does so under the influence of extreme mental or emotional stress for which there is reasonable explanation or excuse. The reasonableness of such explanation or excuse shall be determined from the viewpoint of a reasonable person in the actor's situation.
>
> (2) It is an affirmative defense that the defendant acted under the influence of extreme mental or emotional stress for which there was reasonable explanation or excuse, the reasonableness of which shall be determined from the viewpoint of a reasonable person in the actor's situation. This defense constitutes a mitigating circumstance reducing deliberate homicide to mitigated deliberate homicide and must be proved by the defendant by a preponderance of the evidence.
>
> (3) Mitigated deliberate homicide is not an included offense of deliberate homicide as defined in § 45-5-102(1)(b).
>
> . . .

Under subsection (3) of the above-quoted statute, a charge under subsection (b) of the deliberate homicide statute, commonly referred to as the felony murder rule, is clearly exempt from any requirement that the jury be instructed on mitigated deliberate homicide as a lesser included offense.

Because Heit was charged alternatively, he also maintains that he deserved the instruction under subsection (a) of the deliberate homicide statute. Generally, "a defendant is entitled to instructions on lessor [sic] included offenses if any evidence exists in the record which would permit the jury to rationally find him guilty of a lessor [sic] offense and acquit him of a greater. State v. Thornton (1985), 218 Mont. 317, 320, 708 P.2d 273, 276, quoting State v. Ostwald (1979), 180 Mont. 530, 538, 591 P.2d 646,

5

651. Under this rule, in order to find Heit guilty of a lesser offense, Heit had to present some evidence supporting the elements of mitigated deliberate homicide as set forth in § 45-5-103, MCA. Thus, Heit was required to offer some evidence demonstrating that he acted under "extreme mental or emotional stress for which there is reasonable explanation or excuse."   Thornton, 708 P.2d at 276, § 45-5-103, MCA.  The defendant contends that the evidence received at trial  demonstrated that there was a struggle  over the gun, and that Mr. Heit was agitated and completely intoxicated, and that this evidence was sufficient to warrant instructing the jury on the lesser included offense.

This contention lacks merit.  While this evidence indicates that Mr. Heit may have been upset at the time the crime was committed, it does not support a finding of "extreme mental or emotional stress for which there is reasonable explanation or excuse."   Section 45-5-103(1), MCA.   Nor were there any allegations made that there was a reasonable explanation or excuse for Heit's alleged stress other than testimony indicating that the bartender may have said something that made Heit angry.  On the other hand, the evidence clearly establishes that the defendant purposely or knowingly caused the death of another human being. Section 45-5-102(1)(a).   Having presented no credible evidence of mitigation and furthermore having espoused the theory in closing argument that he did not kill the deceased, Heit was not entitled to an instruction on mitigated deliberate homicide as a lesser included offense.  See State v. Baugh (1977), 174 Mont. 456, 460,

571 P.2d 779, 781, State v. McDonald (1915), 51 Mont. 1, 16, 149 P. 279, 285.

## II.

Heit 's next contention is that the District Court erred in admitting the statements of a court-appointed psychologist in sentencing, where this evidence was the apparent basis for the trial court's declaration that Heit was ineligible for parole. This contention also lacks merit. At the August 15th sentencing hearing conducted after an earlier evidentiary sentencing hearing, the trial court identified the bases of the sentence imposed:

> So the court, after considering the evidence at the hearing, which consisted really of the opinion of Officer Jensen and then the reasons why he made that opinion, and the psychologist from Warm Springs, who I am not certain helped in the matter for either side--as I point out both of you use the same testimony, the same report, and arrive at a totally different . . . thing; but I believe the law requires me to find beyond a reasonable doubt that there were aggravating circumstances. The only aggravating circumstance set forth was lying in wait or ambush. I can't make that finding.

This record indicates that the psychologist's testimony and report were not the bases for the trial court's declaration that Heit was ineligible for parole. Nor was this evidence the "apparent" basis for this determination as alleged in the issue as framed by Heit. We will discuss these bases for denial of parole in the next section of this opinion. Therefore, we need not determine if the admission of the psychologists's testimony and report at sentencing constituted error; any such error would be deemed harmless as the evidence was not utilized by the trial court in sentencing. Rule 103, M.R.Evid.; Section 46-20-701, MCA; State v. Miller (1988),

7

231 Mont. 497, 519, 757 P.2d 1275, 1289; State v. Warnick (1985), 216 Mont. 102, 105, 699 P.2d 1049, 1051.

## III.

Finally, Heit contends that the trial court erred because it failed to include a statement of reasons in declaring him ineligible for parole as required by § 46-18-202(2), MCA. The statute provides:

> **46-18-202. Additional restrictions on sentence. . . .**
> . . .
> (2) Whenever the district court imposes a sentence of imprisonment in the state prison for a term exceeding 1 year, the court may also impose the restriction that the defendant be ineligible for parole and participation in the supervised release program while serving his term. If such a restriction is to be imposed, the court shall state the reasons for it in writing. If the court finds that the restriction is necessary for the protection of society, it shall impose the restriction as part of the sentence and the judgment shall contain a statement of the reasons for the restriction.

Section 46-18-202(2), MCA. In its Judgment, Sentence, and Order, the trial court stated:

> 4. This Court specifically finds and hereby determines the Defendant is a dangerous offender for the purpose of his eventual parole eligibility. The Court expressly declares the Defendant possesses [sic] a serious and substantial threat to the welfare and safety of other persons and is determined to be ineligible for parole or participation in the supervised release program or its future equivalent while serving the several terms herein imposed.

Heit maintains that paragraph 4 of the judgment is merely a reiteration of the statutory language and a conclusory statement clearly lacking the written reasoning required by the statute. He contends that the sentencing document must give some factual basis for distinguishing him from others convicted of deliberate

8

homicide who are not denied parole, stating such factual basis as the reason for the denial. While technically there is some merit in this contention, an examination of the sentencing document as a whole does reveal some minimal reasons for imposing the parole restriction. In its Conclusions of Law, the trial court made the following statements:

> 7. The Defendant continues to show no remorse and continues to deny any remembrance of the crime and states that because he and others believe him not to be a violent person nor a thief that he believes that he did not commit the crime.
> 8. This court must impose sentences based upon the nature of and the seriousness of the offenses committed by the Defendant, the circumstances under which they were committed, and the presence of aggravating circumstances and the absence of substantial mitigating circumstances or any prospect of rehabilitation.
> 9. The sentence which the court imposes must also be determined by the _obvious_ and vital importance of preventing the commission of additional offenses by the Defendant and the essential and overriding need to protect society from his violent and unlawful tendencies. (Emphasis added.)

In its Findings of Fact, the court very thoroughly laid out the events constituting the perpetration of the crime, clearly demonstrating the pointless and brutal nature of the act. While the trial court failed to articulate that the brutality of this crime distinguishes this defendant from others convicted of deliberate homicide, it did state that the defendant possessed violent tendencies, felt no remorse, and the sentence was imposed because of the _obvious_ importance of protecting society from this Defendant. While the factual basis for this conclusion was not precisely specified as the rationale for parole denial, the heinous nature of this particular crime as evidenced by the facts

specifically found by the trial court make the rationale for the denial obvious.

**AFFIRMED.**

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices