JUSTICE RICE
dissenting.
¶28 I dissent for the reason that the Court, in my view, fails to honor our precedent concerning similar cases of mitigated deliberate homicide.
¶29 In State v. Heit (1990), 242 Mont. 488, 791 P.2d 1379, Heit was charged with deliberate homicide for killing a bartender following an altercation. He requested a mitigated deliberate homicide instruction, arguing that the evidence offered at trial, similar to the facts asserted here, warranted an instruction on mitigated homicide: that the victim had said something which made Heit angry, that Heit was intoxicated, and that there had been a physical struggle between Heit and the victim over a gun. Even though the burden of proof for establishing an affirmative defense was preponderance of the evidence, we held that Heit was not entitled to an instruction on mitigated deliberate homicide because this evidence was not sufficient to permit the jury to rationally find that he had acted with “extreme mental or emotional stress for which there is reasonable explanation or excuse.”
¶30 In State v. Williams (1993), 262 Mont. 530, 866 P.2d 1099, overruled on other grounds by State v. Good, 2002 MT 59, 309 Mont. 113, 43 P.3d 948, Williams was charged with deliberate homicide for the shooting death of the victim. Williams got into a dispute over drug profits with the victim, who ordered Williams to leave his house. Evidence was introduced that Williams was angry and “kind of drunk,” *336 that the parties had argued and that both parties had drawn weapons. Williams requested a jury instruction for mitigated deliberate homicide. However, citing Heit, we again held that there was insufficient evidence for the jury to find that Williams had acted under extreme mental or emotional stress for which there was a reasonable explanation, and therefore, we concluded that the defendant had not met his burden of establishing mitigation by a preponderance of the evidence, and was not entitled to the instruction.
¶31 In State v. Howell, 1998 MT 20, 287 Mont. 268, 954 P.2d 1102, trial evidence indicated that when Howell heard his roommate, a disabled veteran, “screaming for help,” he rushed to his aid, finding an assailant had his roommate on the floor, beating him. The evidence indicated that Howell was aware of the assailant’s reputation as an aggressive drunk, was afraid of the assailant, and was fearful for his roommate’s safety. He first attempted to shove the assailant off his roommate, only to be knocked against the wall by the assailant. Howell, also intoxicated, then retreated to another room, and returned with a knife. At that point, the assailant again attacked Howell, who then killed the assailant. Howell was charged with deliberate homicide, and sought an instruction for mitigated deliberate homicide. Despite the menagerie of fear, intoxication, altercation and weaponry involved in the case, we held, citing Williams, that the defendant had not met the burden of demonstrating sufficient evidence that he had acted under extreme stress for which there was a reasonable explanation.
¶32 The Court distinguishes this precedent by offering that “these cases address different factual circumstances” and, therefore, “provide little guidance.” See ¶ 23. However, I cannot dismiss the cases so easily. While every case has some factual differences, we have established in these decisions a consistent principle that a defendant must demonstrate more than anger or fear arising from an intoxication-related altercation involving a weapon in order to establish, by a preponderance of the evidence, “extreme mental or emotional stress for which there is a reasonable explanation.” However, in contrast to these holdings, the Court holds that the alcohol-related incident here provides sufficient evidence from which “a jury could find that LaMere and the victim were fighting, that the victim pulled a gun and a knife on LaMere and that LaMere stabbed the victim with his own knife,” and therefore, the State has met its burden to establish mitigation beyond a reasonable doubt.
¶33 In fundamental fairness, “what is good for the goose should be *337 good for the gander.” Given our holdings in Heit, Williams, and Howell, wherein we held that the defendants had not met their lesser evidentiary burden on facts similar to those here, I cannot justify the conclusion that the State met its burden in this case. I would reverse the District Court’s denial of LaMere’s motion for a directed verdict.
CHIEF JUSTICE GRAY concurs in the foregoing dissent of JUSTICE RICE.