No. 03-208

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 228N

RUSSELL T. HEIT,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                       In and for the County of Yellowstone, Cause No. DV 03-0098
                       The Honorable Gregory R. Todd, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Russell T. Heit (pro se), Deer Lodge, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Carol E. Schmidt,
                Assistant Attorney General, Helena, Montana

                Dennis Paxinos, Yellowstone County Attorney, Billings, Montana


                       Submitted on Briefs:  August 7, 2003

                              Decided:  August 26, 2003

Filed:

_____
                       Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    On June 21, 1989, Appellant Russell Heit was found guilty of deliberate homicide and robbery. The court sentenced Heit to 150 years in prison without the possibility of parole. This Court upheld Heit's conviction on direct appeal in *State v. Heit* (1990), 242 Mont. 488, 791 P.2d 1379. On April 28, 1992, we denied Heit's first petition for postconviction relief.

¶3    In January 2003, Heit, acting *pro se*, filed a second petition for postconviction relief. On January 27, 2003, the Thirteenth Judicial District Court, Yellowstone County, denied Heit's second petition. As approximately eleven years elapsed between the denial of Heit's first petition and the filing of his second petition, the District Court concluded that Heit's second petition is time barred by § 46-21-102, MCA. Further, the District Court concluded that Heit did not present newly discovered evidence in support of his second petition. On February 25, 2003, Heit filed a notice of appeal from the District Court's denial of his second petition.

¶4    The dispositive issue on appeal is whether the court's findings of fact are supported by substantial evidence and are, therefore, not clearly erroneous and whether the court's conclusions of law are correct. *Ray v. Nansel*, 2002 MT 191, ¶¶ 19-20, 311 Mont. 135, ¶¶

19-20, 53 P.3d 870, ¶¶ 19-20.

¶5      We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶6      On the face of the briefs and the record on appeal it is manifest that the appeal is without merit as the issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and because there is clearly sufficient evidence to support the court's findings of fact.  Therefore,

¶7      We affirm the judgment of the District Court.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE