PEOPLE v WILKINS

Docket No. 116910. Submitted April 18, 1990, at Grand Rapids. Decided July 2, 1990.

David L. Wilkins was convicted by a jury in the Montcalm Circuit Court of involuntary manslaughter and was convicted of being an habitual offender, third offense, following a bench trial, Charles W. Simon, Jr., J. Defendant's conviction arose from an accident in which an automobile driven by defendant collided with another automobile, resulting in the death of a passenger in the other automobile. Defendant appealed.

The Court of Appeals *held:*

1. The trial court erred in preventing defense counsel from making an offer of proof as to the substance of proposed testimony by a pharmacist and clinical psychologist. The proposed testimony may have been intended to show that defendant was temporarily insane due to involuntary intoxication from the combined effects of alcohol and certain medication he was taking at the time of the accident. On remand, the trial court shall allow defense counsel to make an offer of proof.

2. Given the overwhelming evidence that defendant's negligence was the sole proximate cause of the collision and the fact that defendant was allowed to present evidence of the other driver's consumption of alcohol, any error the trial court may have committed in excluding evidence of the other driver's blood-alcohol test results was harmless.

3. The oral waiver of trial by jury on the habitual offender charge was not in compliance with statutory requirements that such a waiver must be made in writing, signed by the defendant, and filed and made a part of the record of the case. The habitual offender conviction is reversed. On remand, defendant may be tried anew on the habitual offender charge.

Affirmed in part, reversed in part and remanded.

1. HOMICIDE — INVOLUNTARY MANSLAUGHTER — INSANITY DEFENSE — INVOLUNTARY INTOXICATION.

Involuntary intoxication may be raised as a defense of temporary

REFERENCES

Am Jur 2d, Criminal Law §§ 68, 895, 898; Homicide § 132.

When intoxication deemed involuntary so as to constitute a defense to criminal charge. 73 ALR3d 195.

insanity to a charge of involuntary manslaughter (MCL 769.11; MSA 28.1083).

2. CRIMINAL LAW — INSANITY DEFENSE — NOTICE.

A defendant in a felony case who proposes to offer a defense of insanity must, within thirty days of the date of trial, file and serve notice upon the trial court and the prosecution of his intention to assert the defense; if the defendant fails to give such notice, the trial court must exclude evidence offered by the defendant for the purpose of establishing insanity (MCL 768.21; MSA 28.1044).

3. CRIMINAL LAW — WAIVER OF JURY TRIAL.

A defendant may waive his right to a trial by jury, but the waiver must be in writing, signed by the defendant, and also filed and made a part of the record of the case (MCL 763.3; MSA 28.856).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Bruce E. Basom,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: DOCTOROFF, P.J., and HOOD and GRIFFIN, JJ.

GRIFFIN, J. Defendant appeals as of right from his conviction after jury trial of involuntary vehicular manslaughter, MCL 750.321; MSA 28.553, and his conviction after bench trial of being an habitual offender, third offense, MCL 769.11; MSA 28.1083, for which he was sentenced to eight to thirty years in prison. We affirm in part and reverse in part and remand.

I

Defendant's conviction stemmed from an automobile accident involving defendant as the driver

of one car and Stephen Creasap as the driver of the other. Brian Dibble, Creasap's passenger, was killed in the collision between the two cars.

Several witnesses observed the defendant driving erratically shortly before the accident, swerving across the center line as he drove northbound on M-91. Defendant was driving his vehicle without its lights, even though it was dark. Several cars travelling southbound on M-91 were forced off the road by defendant's vehicle swerving over the center line into the southbound lane.

Robert Sloop, a friend of Creasap, was following behind Creasap in his own car on the night in question. Sloop testified that he was approximately five car lengths behind Creasap's car at the time of the accident. Sloop saw a flash of metal ahead in Creasap's headlights; the collision followed instantly thereafter. Sloop testified that Creasap tried to avoid defendant's vehicle by turning left at the last second.

There was evidence that both defendant and Creasap had consumed alcoholic beverages before the collision. Prior to defendant's trial, the court suppressed blood-test results for both defendant and Creasap. Defendant was therefore not permitted to introduce Creasap's blood-test results, but was permitted to present other evidence that Creasap had been drinking that night. Charges against Creasap for manslaughter were dismissed prior to defendant's trial.

During trial, defendant attempted to call as witnesses a pharmacist and a clinical psychologist, presumably to testify regarding the unexpected effects of combining alcohol with a prescription medication which defendant had allegedly been taking. The lower court ruled that the excluded testimony would be relevant only as to a defense of insanity. The court further ruled that the prose-

cution was entitled to prior notice of the defense and that defendant had failed to give such notice. The court therefore barred defendant from presenting these witnesses, and also refused to allow defense counsel to make an offer of proof as to the excluded evidence.

After the jury returned its verdict finding defendant guilty of vehicular manslaughter, the court held a bench trial and found defendant guilty of being an habitual offender.

II

Defendant raises three issues on appeal. First, he argues that the trial court abused its discretion by refusing to allow the pharmacist and clinical psychologist to testify.

Generally, all relevant evidence is admissible and irrelevant evidence is not. MRE 402. Evidence is relevant if it has any tendency to make the existence of a fact at issue more probable or less probable than it would be without the evidence. MRE 401. The decision of the trial court to admit or exclude evidence will not be disturbed on appeal absent an abuse of discretion. *People v Golochowicz,* 413 Mich 298, 322; 319 NW2d 518 (1982).

Defendant's proposed evidence may have been intended to show that he was temporarily insane at the time of the accident because of the alleged unintended and unforeseen adverse consequences of combining his medication with alcohol. If such were the purpose, the evidence might be relevant to prove that defendant did not have the mental capacity to engage in the general-intent crime of involuntary manslaughter. The trial court, however, ruled that if such were the case the testimony would be in the nature of an insanity defense and defendant's failure to give notice of the

defense would preclude its admission. This issue is a matter of first impression in Michigan.

MCL 768.20a(1); MSA 28.1043(1)(1)[1] states that, if a defendant in a felony case proposes to offer in his defense testimony to establish insanity at the time of the alleged offense, the defendant must file and serve notice upon the court and the prosecuting attorney of his intention to assert the defense not less than thirty days before the date set for trial. If a defendant fails to give such notice, the trial court must exclude the evidence offered by the defendant for the purpose of establishing insanity. MCL 768.21; MSA 28.1044.[2]

Defendant asserts that the defense of intoxication is quite different from the defense of insanity. True, the notice of insanity defense statute does not apply to the defense of *voluntary* intoxication as negating *specific intent. People v Cummins,* 45 Mich App 601, 603; 207 NW2d 150 (1973).

Furthermore, it remains well settled that *voluntary* intoxication is not a defense to the nonspecific or general-intent crime of involuntary manslaughter. *People v Coffey,* 42 Mich App 683; 202 NW2d

---

[1] MCL 768.20a(1); MSA 28.1043(1) states in pertinent part:

If a defendant in a felony case proposes to offer in his or her defense testimony to establish his or her insanity at the time of an alleged offense, the defendant shall file and serve upon the court and the prosecuting attorney a notice in writing of intention to assert the defense of insanity not less than 30 days before the date set for the trial of the case, or at such other time as the court directs.

[2] MCL 768.21; MSA 28.1044 states in pertinent part:

(1) If the defendant fails to file and serve the written notice prescribed in section 20 or 20a, the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi or the insanity of the defendant. If the notice given by the defendant does not state, as particularly as is known to the defendant or the defendant's attorney, the name of a witness to be called in behalf of the defendant to establish a defense specified in section 20 or 20a, the court shall exclude the testimony of a witness which is offered by the defendant for the purpose of establishing the defense.

456 (1972), and *People v Duffield,* 20 Mich App 473; 174 NW2d 137 (1969), aff'd 387 Mich 300; 197 NW2d 25 (1972).

The federal courts have equated the defense of involuntary intoxication with the defense of temporary insanity. *Gilcrist v Kincheloe,* 589 F Supp 291, 294 (ED Wash, 1984), aff'd 774 F2d 1173 (CA 9, 1985). In doing so, the federal courts have ruled that the mental state of involuntary intoxication is to be measured by the test for legal insanity. In *United States v FDL,* 836 F2d 1113, 1116-1117 (CA 8, 1988), the court summarized the law regarding the defense of involuntary intoxication:

> The courts dealing with this issue, nearly all of them state courts, have defined involuntary intoxication in essentially the same terms as insanity. Like insanity, involuntary intoxication diminishes the culpability of a crime. The defendant is excused from criminality because intoxication affects the ability to distinguish between right and wrong. *Gilcrist v Kincheloe,* 589 F Supp 291 (ED Wash, 1984), aff'd 774 F2d 1173 (9th Cir, 1985). . . . Thus, the mental state of an involuntarily intoxicated defendant is measured by the test of legal insanity. *Gilcrist, supra* at 294, *State v Lucas,* 368 NW2d 124 (Iowa 1985); *Minnesota v Altimus,* 306 Minn 462; 238 NW2d 851 (1976) (en banc); *State v Mriglot,* 15 Wash App 446; 550 P2d 17 (1976), aff'd 88 Wash 2d 573; 564 P2d 784 (1977) (en banc). The Ninth Circuit has recognized involuntary intoxication as a basis for invoking the insanity defense and it has expressed the rule in the same terms. *United States v Henderson,* 680 F2d 659 (9th Cir, 1982). But see [*United States v*] *Lyons,* 731 F2d [243 (CA 5, 1984)] at 245 (mere drug addiction, voluntary or involuntary, raises no issue of such a mental disease or defect as can serve as a basis for the insanity defense). These cases all require a finding that there has been involuntary ingestion of an intoxicant, usually through trickery, and

that the defendant was unable to appreciate the nature and quality or wrongfulness of his acts. 73 ALR 3d 203-04 (1976) (cases cited therein).

Indeed, a review of the jurisprudence of our sister states confirms the Eighth Circuit's conclusion in *FDL* that a defendant who asserts a defense of involuntary intoxication is to be treated as having raised the defense of temporary insanity. See, generally, LaFave & Scott, Criminal Law (2d Ed), § 4.10(f), p 393.

In *Jones v State,* 648 P2d 1251 (1982), the Court of Criminal Appeals of Oklahoma held that "involuntary intoxication is a complete defense where the defendant is so intoxicated that he is unable to distinguish between right and wrong, the same standard as applied in an insanity defense." *Id.,* p 1258. Moreover, the Supreme Court of Washington in *State v Mriglot,* 88 Wash 2d 573; 564 P2d 784 (1977), ruled that involuntary intoxication equates with temporary insanity as a defense. Other jurisdictions which have considered this issue have ruled in accord. See, e.g., *Minnesota v Altimus,* 306 Minn 462; 238 NW2d 851 (1976).

We conclude that the reasoning of these decisions is sound and that involuntary intoxication is a defense included within the ambit of the insanity defense. As noted by commentators LaFave and Scott, *supra,* involuntary intoxication constitutes a defense if it puts the defendant in a state of mind equivalent to insanity. *Id.,* p 393. The involuntarily intoxicated person's state of mind is measured in terms of the classic M'Naghten test for insanity. *Id.* Thus, the instant defendant, by raising the issue of involuntary intoxication, was raising a defense of insanity. It follows therefore that defendant's failure to provide a notice of insanity defense within the time limits prescribed by stat-

ute precludes him from offering evidence at trial in support of that defense. *People v Hayes,* 421 Mich 271, 280; 364 NW2d 635 (1984). Indeed, the court in *FDL, supra,* opined, albeit in dicta, that a failure to give proper notice of an insanity defense under the court rules would preclude a defendant from raising a defense of involuntary intoxication. 836 F2d 1116, n 5.

However, we are troubled by the trial court's refusal to allow defense counsel an opportunity to make an offer of proof as to the excluded testimony. See MRE 103.[3] We note that defense counsel argued below that neither the prosecutor nor the court had any idea as to his purpose for calling these witnesses. The lower court refused to allow counsel to place on the record the substance of the expected testimony. Without an offer of proof, we are left to speculate whether the disputed evidence may have been relevant and admissible for some other proper purpose. This matter is therefore remanded for a hearing, at which time defense

[3] MRE 103 states in pertinent part:

(a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

(b) Record of offer and ruling. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.

(c) Hearing of jury. In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

counsel shall be permitted to make an offer of proof as to the excluded evidence.[4]

III

For his second issue, defendant argues that the lower court abused its discretion by refusing to admit into evidence Creasap's blood test results.

Here, defendant sought to introduce Creasap's blood-alcohol test as evidence relevant to whether defendant's negligence was the proximate cause of death. The trial court ruled that neither defendant's nor Creasap's blood tests were admissible, but allowed other testimony regarding defendant's and Creasap's consumption of alcoholic beverages prior to the accident. Given the overwhelming evidence that defendant's negligence was the sole proximate cause of the collision and the fact that defendant was allowed to present other evidence of Creasap's drinking, we conclude that any error which may have occurred from the exclusion of this evidence was harmless. MCR 2.613(A);[5] MCL 769.26; MSA 28.109.[6]

[4] Defendant refers to ineffective assistance of counsel in his brief on appeal. However, since the issue is not identified in defendant's statement of questions, as required by MCR 7.212(C)(4), we decline to address the issue.

[5] MCR 2.613(A) states in pertinent part:

Harmless Error. An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

[6] MCL 769.26; MSA 28.1096 states:

No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively

IV

For his final issue, defendant argues that his habitual offender conviction must be reversed because defendant made no waiver of his right to a jury trial on the supplemental information. We agree.

A defendant's waiver of a jury trial must conform to the requirements of MCL 763.3; MSA 28.856:[7] it must be made in writing, signed by the defendant, and filed in the case and made part of the record. Here, the waiver was made orally by defendant's counsel, which does not effectively waive defendant's right to a jury trial. *People v Leggions,* 149 Mich App 612, 619; 386 NW2d 614 (1986) lv den 426 Mich 863 (1986). Defendant's habitual offender conviction is therefore reversed and the case is remanded for a new trial.

V

Affirmed in part, reversed in part and remanded. The lower court is hereby directed to hold

---

appear that the error complained of has resulted in a miscarriage of justice.

[7] MCL 763.3; MSA 28.856 states in pertinent part:

(1) In all criminal cases arising in the courts of this state, the defendant shall have the right to waive a determination of the facts by a jury and may, if he or she elects, be tried before the court without a jury. Except in cases of minor offenses, the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. The waiver and election shall be entitled in the court and case, and in substance as follows: "I, _____, defendant in the above case, hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a judge of the court in which the case may be pending. I fully understand that under the laws of this state I have a constitutional right to a trial by jury."

_____
Signature of defendant

(2) Except in cases of minor offenses, the waiver of trial by jury shall be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel.

a hearing within forty-five days, at which the defendant shall be permitted to make an offer of proof as to the excluded testimony. A transcript of the hearing shall be filed with this Court within twenty-one days after completion of the proceedings. We retain jurisdiction.