STATE of Utah, Plaintiff and Appellee,

v.

Joseph Charles GARDNER, Jr.,
Defendant and Appellant.

No. 920104.

Supreme Court of Utah.

Dec. 3, 1993.

R. Paul Van Dam, Atty. Gen., Creighton C. Horton, II, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Alan D. Boyack, St. George, for defendant.

HALL, Chief Justice:

Defendant Joseph Charles Gardner, Jr., appeals from an interlocutory order of the Fifth Judicial District Court determining that the defense of involuntary intoxication falls within the defenses for legal insanity or diminished mental capacity in Utah's statutory scheme. We affirm the trial court's decision.

On July 25, 1990, defendant was charged with murder in the first degree, a capital offense,[1] in connection with the shooting death of Janice Fondren. Defendant was also charged with aggravated burglary, a first degree felony.[2] He originally pleaded not guilty and not guilty by reason of insanity.

During the course of pretrial discovery, defendant represented to the prosecution that he would raise the defense of involuntary intoxication. That claim was based on his ingestion of the prescription drug Prozac, which allegedly caused him to suffer temporary insanity at the time of the offense.

In response to defendant's plea of not guilty by reason of insanity, the prosecution filed a pretrial motion to have the trial court determine the legal standard for the defense of involuntary intoxication. The prosecution argued that the correct standard for involuntary intoxication is the same as that for the defense of mental illness located at Utah Code Ann. § 76–2–305.[3] In his responsive

1. *See* Utah Code Ann. § 76–5–202.

2. *See* Utah Code Ann. § 76–6–203.

3. Section 76–2–305 states:

(1) It is a defense to a prosecution under any statute or ordinance that the defendant, as a result of mental illness, *lacked the mental state required as an element of the offense charged.* Mental illness is not otherwise a defense.

memorandum, defendant argued that involuntary intoxication is not covered specifically under section 76–2–305 and that therefore a different standard should apply. That standard, defendant claimed, should be the same or similar to the arguably more lenient one existing prior to the amendment of section 76–2–305 in 1983 [4] and still existing in part in the state of Colorado.

The trial court rejected this argument and concluded that involuntary intoxication that leads to "temporary mental illness" falls under the provisions of section 76–2–305. That section, the trial court noted, is the only Utah statute dealing with the defense of mental illness on the basis of insanity or diminished mental capacity. The trial court stated that if defendant could meet the criteria for a mental illness defense under that section, he would be deemed as lacking the necessary mens rea and would be adjudged not guilty.

After receiving the trial court's ruling, defendant entered a conditional plea of guilty to the crime of murder in the first degree. That plea was conditioned on his right to appeal the trial court's decision. In exchange for the plea, the prosecution agreed to drop the aggravated burglary charge and not seek the death penalty.

■ The sole issue on appeal is whether the trial court correctly determined that the legal standard applicable to the defense of involuntary intoxication is incorporated within the mental illness defense in Utah Code Ann. § 76–2–305. Because the trial court's determination was a conclusion of law, we accord it no deference but review it for correctness.[5]

Defendant argues that because the term "involuntary intoxication" does not appear in section 76–2–305, that section does not contemplate such a defense. Instead, defendant suggests that we adopt the standard for involuntary intoxication recognized in Colorado. Colorado Revised Statutes subsection 18–1–804(3) provides in pertinent part:

A person is not criminally responsible for his conduct if, by reason of intoxication that is not self-induced at the time he acts, he lacks capacity to conform his conduct to the requirements of the law.[6]

Colorado's standard for the defense of involuntary intoxication is, in part, the same as the insanity standard used in Utah prior to the 1983 amendment to section 76–2–305.[7] Evidently, defendant seeks to have his actions judged either by the Colorado standard or by the prior Utah standard because he believes those tests would be easier for him to prove at trial. For the reasons set forth below, we decline to adopt his position.

■ Unlike Colorado, the Utah legislature has not adopted a separate statutory

---

(2) The defense defined in this section includes the defenses known as "insanity" and "diminished mental capacity."
(3) A person who is under the influence of voluntarily consumed or injected alcohol, controlled substances, or volatile substances at the time of the alleged offense is not excused from criminal responsibility on the basis of mental illness.
(4) "Mental illness" means a mental disease or defect that substantially impairs a person's mental, emotional, or behavioral functioning. A mental defect may be a congenital condition, the result of injury, or a residual effect of a physical or mental disease and includes, but is not limited to, mental retardation. Mental illness does not mean a personality or character disorder or abnormality manifested only by repeated criminal conduct.
(Emphasis added.)

4. Prior to its amendment in 1983, section 76–2–305 read as follows:
(1) In any prosecution for an offense, it shall be a defense that the defendant, at the time of the proscribed conduct, as a result of mental disease or defect, *lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.*
(2) As used in this section, the terms "mental disease" or "defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.
(Emphasis added.)

5. *Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 452 (Utah 1993); *Eskelsen v. Town of Perry*, 819 P.2d 770, 771 (Utah 1991).

6. Colo.Rev.Stat. § 18–1–804(3) (1986).

7. *See supra* note 4. The Colorado statute and the old version of Utah Code Ann. § 76–2–305 encompass what is known as the "irresistible impulse test," in which a defendant must show that he or she lacked the capacity to conform his or her conduct to the law's requirements.

provision dealing with the defense of involuntary intoxication. That does not mean, however, that we should go beyond the existing statutory provision dealing with mental illness and judicially adopt a standard similar to the one previously abandoned by our legislature in 1983. Involuntary intoxication fits easily within the framework of the revised section 76–2–305: If a defendant can prove that he or she was temporarily so intoxicated during a crime due to the involuntary[8] ingestion of drugs that he or she lacked the culpable mental state necessary for the crime, the statute will govern and the defendant will be acquitted.

There is no dearth of authority from other jurisdictions holding that the standard for involuntary intoxication is the same as that for insanity. As the Michigan Court of Appeals stated in a case involving a murder that took place after the defendant ingested excessive amounts of the drug Halcion,

> [T]he defense of involuntary intoxication is part of the defense of insanity when the chemical effects of drugs or alcohol render the defendant temporarily insane. As in any case in which the defendant interposes an insanity defense, it remains incumbent upon the defendant to demonstrate that the involuntary use of drugs created a state of mind equivalent to insanity.[9]

We think the rationale of *People v. Caulley* applies equally to this case. There, the court found that to establish a defense of involuntary intoxication, a defendant must show that he or she was legally insane under the standard adopted for mental illness in that state. Similarly, we find that the trial court correctly determined that a claim of involuntary

intoxication falls under the mental illness standard in section 76–2–305.

The judgment is affirmed.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

8. In this case, "involuntary" refers to intoxication resulting from medicine that was prescribed or administered by a physician. It may also include intoxication "occasioned by the fraud, artifice, contrivance, or force of another." Phillip E. Hassman, Annotation, *When Intoxication Deemed Involuntary So As To Constitute a Defense To Criminal Charge*, 73 A.L.R.3d 195, 210 (1976) [hereinafter Hassman].

9. *People v. Caulley*, 197 Mich.App. 177, 494 N.W.2d 853, 858 (1992), *appeal denied*, 502 N.W.2d 39 (Mich.1993) (citing *People v. Wilkins*,

184 Mich.App. 443, 459 N.W.2d 57, 59–60 (1990)); *see also United States v. F.D.L.*, 836 F.2d 1113, 1116 (8th Cir.1988); *United States v. Henderson*, 680 F.2d 659, 661 (9th Cir.1982) (applying insanity standard to situation involving involuntary intoxication); *City of Minneapolis v. Altimus*, 306 Minn. 462, 238 N.W.2d 851, 857 (1976); *Wooldridge v. State*, 801 P.2d 729, 734 (Okla.Crim.App.1990) (citing *Jones v. State*, 648 P.2d 1251, 1258 (Okla.Crim.App.1982)). *See generally* Hassman at 204.