No. 80-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

THANE GOPHER,

Defendant and Appellant.

_____

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade.
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Donovan and Anderson, Office of Public Defender, Great
Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana

_____

Submitted on briefs: June 10, 1981

Decided: SEP 14 1981

Filed: SEP 14 1981

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant Thane Gopher was charged on October 16, 1979, with aggravated assault, section 45-5-202(1)(d), MCA, by an information filed in Cascade County District Court. The information alleged that defendant purposely or knowingly caused bodily injury to a peace officer by kicking him in the leg. Defendant entered a plea of not guilty.

On April 1, 1980, a jury returned a verdict of guilty and the court sentenced defendant to three years in the Montana State Prison, with all of the sentence suspended except for the first six months which was to be served in the Cascade County jail. On June 23, 1980, the court excused defendant from serving any further time in jail on the requirement that he complete certain conditions of employment. Defendant appeals his conviction.

On the morning of October 5, 1979, an automobile in which defendant was a passenger was stopped for "erratic" driving. The deputy sheriff requested the operator's license of the driver, defendant's brother, who was unable to produce one. After receiving the necessary information from the driver, the deputy sheriff issued a citation and inquired as to the identities of the passengers. Upon learning the names of the passengers, the deputy sheriff checked with the sheriff's office to ascertain if there were any outstanding warrants on the passengers. When the deputy sheriff was informed that there was an outstanding burglary warrant for "Jay Thane Gopher," he approached the vehicle and asked the passengers which one was Thane Gopher. Defendant hesitated but identified himself and exited the vehicle upon the deputy's request. He was then informed by

the deputy that he was under arrest for burglary.

Before defendant was placed in the patrol vehicle, he was patted down and handcuffed. At this time defendant became verbally abusive and verbally threatened the deputy sheriff. Defendant also refused to get into the backseat of the patrol car and physically resisted the deputy sheriff by kicking him in the leg just above the knee. Thereafter, defendant fell back into the patrol car and continued to resist the deputy sheriff by kicking at him. Finally, the deputy, with assistance from another officer, pushed defendant into the car far enough to get the door closed.

The basis for the charge of aggravated assault was the "bodily injury" that the deputy sheriff received from the defendant's kick to the deputy's leg. When questioned about the nature and degree of the injury, the deputy sheriff testified that his leg was discolored and sore for about a week but that the injury did not require any medical treatment whatsoever.

The issues presented for review are:

1. Whether, by refusing to include an offered instruction on resisting arrest, the trial court committed reversible error?

2. Whether the State presented sufficient evidence to support a verdict beyond a reasonable doubt?

3. Whether the trial judge had proper jurisdiction?

Defendant contends that the trial court committed reversible error by not instructing the jury that the offense of resisting arrest was a lesser included offense of aggravated assault. It is a basic rule in this state that the trial court's instructions must cover every issue or

theory having support in the evidence. State v. Buckley (1976), 171 Mont. 238, 557 P.2d 283. This Court in State v. Ostwald (1979), ___ Mont. ___, 591 P.2d 646, 651, 36 St.Rep. 442, 448, stated that, ". . . a defendant is entitled to instructions on lesser included offenses if any evidence exists in the record which would permit the jury to rationally find him guilty of a lesser offense and acquit him of a greater." See also State v. Baugh (1977), 174 Mont. 456, 571 P.2d 779; State v. Bouslaugh (1978), 176 Mont. 78, 576 P.2d 261; State v. Radi (1978), 176 Mont. 451, 578 P.2d 1169. Further, this Court in State v. Hamilton (1980), ___ Mont. ___, 605 P.2d 1121, 1129, 37 St.Rep. 70, 77, emphasized that, "[w]e have consistently held that such an instruction is required where there is some evidence to support the lesser offense."

The State argues that the trial court did not err in refusing to instruct the jury on the offense of resisting arrest because the offenses of resisting arrest and aggravated assault are not inherently related and this Court should adopt the "inherent relationship" test to determine if the two offenses are inherently related.

The "inherent relationship" test is a product of several United States Supreme Court cases culminating in Keeble v. United States (1973), 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844. In Keeble the Court held that ". . . the defendant is entitled to instructions on a lesser included offense, if evidence would permit the jury rationally to find him guilty of the lesser offense and acquit him of the greater." 412 U.S. at 208. In other words, the test to be applied is, if the lesser offense is supported by the

-4-

evidence and is "inherently related" to the greater offense, then the instruction should be given to the jury.

This test does not differ in any appreciable way from the standard that has been used in this state. See State v. Ostwald (1979), ____ Mont. ____, 591 P.2d 646, 36 St.Rep. 442. Therefore, there is no reason to adopt the "inherent relationship" test.

The State's contention that resisting arrest cannot possibly be a lesser included offense of aggravated assault is erroneous. The basis for its contention is that the two sections, 45-5-202(1)(d), MCA (aggravated assault), and 45-7-301, MCA (resisting arrest), protect two totally different interests in our society. It argues that the aggravated assault section protects the physical safety of peace officers while they perform their duties and that the resisting arrest section protects society's interest in preventing suspects from thwarting an arrest. Therefore, the State concludes, there is not a sufficient relationship between the two sections to require the lesser included offense instruction.

The resisting arrest statute, section 45-7-301, MCA, provides:

> "A person commits the offense of resisting arrest if he knowingly prevents or attempts to prevent a peace officer from effecting an an arrest by:
>
> "(a) using or threatening to use physical force or violence against the peace officer or another; or
>
> "(b) using any other means which creates a risk of causing physical injury to the peace officer or another."

The testimony of the deputy sheriff was that the defendant verbally threatened the deputies, kicked one of

them in the leg, and continued to kick until both officers forced defendant into the backseat. Clearly, this is sufficient evidence to satisfy the elements of the resisting arrest statute; that is, the defendant did use "threatening" language to the peace officers and he did use "physical force" against the peace officers. The testimony of the defendant's actions was not even contraverted by defendant.

Further, under the pertinent part of the aggravated assault statute, it is stated: "A person commits the offense of aggravated assault if he purposely or knowingly causes bodily injury to a peace officer." It is apparent from the facts that there was a question for the trier of fact as to whether defendant "purposely or knowingly caused bodily injury" to the deputy sheriff. Again, when the facts are applied to the statutes, they would be sufficient to satisfy the necessary elements for either offense. Finally, from the language of Ostwald, i.e., "[a] defendant is entitled to instructions on lesser included offenses if any evidence exists in the record which would permit the jury to rationally find him guilty of a lesser offense and acquit him of a greater," 591 P.2d 651, it is clear that the instruction on resisting arrest should have been presented to the jury.

Under federal case law the result is also the same. The two federal cases that best illustrate how the "inherent relationship" test works are United States v. Whitaker (7th Cir. 1971), 447 F.2d 34, and United States v. Johnson (9th Cir. 1980), 637 F.2d 1224, 1233. In Johnson the court analyzed the inherent relationship test used by the United States Supreme Court in Keeble, by utilizing a two-part test. First, the court stated that a lesser included

-6-

offense must be identified, and second, a rational jury must be able to find the defendant guilty of the included offense but innocent of the greater offense. Here, a lesser included offense is identifiable and a jury, if the resisting arrest instruction is given, could reasonably find defendant guilty of resisting arrest and acquit on aggravated assault.

The Johnson court approach is based upon its reading of Rule 31(c), Fed.R.Crim.P. (synonymous with section 46-16-603(3), MCA), which regulates the requirement of when a lesser included offense instruction should be given. The court reasoned that, "[t]he purpose of this rule is to avoid the situation in which the jury, convinced that the defendant is guilty of some crime, is tempted to convict him of the charged offenses." 637 F.2d 1233. From the facts, as they have been presented in this case, the jury could have been forced to find the defendant guilty--that is, the jury may not have wanted to let the defendant's action go unpunished, so they chose to find him guilty of aggravated assault because the only alternative was acquittal.

The question as to whether the State presented sufficient evidence to support a verdict beyond a reasonable doubt does not require discussion since the case is being reversed on other grounds.

Defendant's argument that the trial judge lacked jurisdiction is without merit. This Court ruled on February 14, 1980, that defendant's "Motion and Assignment of Judge" to hear disqualification proceedings was moot, and that order still stands.

The judgment of the District Court is reversed, and the sentence is vacated. The cause is remanded for a new

trial consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-8-