No. 93-640

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaintiff and Respondent,

-vs-

CHARLES FISCH,

     Defendant and Appellant.

**FILED**

SEP 20 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Rienne H. McElyea; Berg, Lilly, Andriolo &
        Tollefsen, Bozeman, Montana

    For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        John Paulson, Ass't Attorney General,
        Helena, Montana

        Michael Salvagni, Gallatin County Attorney,
        Bozeman, Montana

Submitted on Briefs:  July 6, 1994

Decided:  September 20, 1994

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Charles Fisch appeals from a jury verdict and judgment of the Eighteenth Judicial District Court, Gallatin County, convicting him of the offense of aggravated assault. He asserts error in the court's refusal to instruct the jury on the alleged lesser included offense of negligent endangerment. We affirm.

Charles Fisch (Fisch) was charged with aggravated assault, a felony, in violation of § 45-5-202(1), MCA. He pleaded not guilty and the case proceeded to a jury trial. In presenting its case, the State of Montana (State) contended that Fisch had knowingly or purposely caused serious bodily injury to his stepson, LaShaun Geehan (Geehan), by shooting him in the back with a .22 caliber rifle. Geehan testified that the shooting arose out of an argument he had with Fisch only moments before the shooting occurred. Fisch's position was that his actions constituted negligent conduct.

The District Court and counsel settled jury instructions during the second day of the trial. The court refused Fisch's proposed instruction that the offense of negligent endangerment is a lesser included offense of aggravated assault; the court also refused other negligent endangerment-related instructions offered by Fisch.

The jury found Fisch guilty of aggravated assault. The District Court sentenced him to 15 years in the Montana State Prison on the aggravated assault charge, with 5 years suspended, and 7 years' imprisonment for using a weapon in the commission of

2

the offense, to run consecutively. The court also designated Fisch a dangerous offender. Restitution in the amount of $16,160.94, for Geehan's medical expenses, was ordered as a condition of the suspended sentence. Fisch appeals.

> Did the District Court err in refusing Fisch's proposed instruction that negligent endangerment is a lesser included offense of aggravated assault?

A criminal defendant is entitled to an instruction on a lesser included offense if, based on the evidence, the jury rationally could find him guilty of the lesser offense and acquit him of the greater offense. Section 46-16-607(2), MCA; State v. Sheppard (1992), 253 Mont. 118, 123, 832 P.2d 370, 373. That entitlement is premised on the offense actually constituting a lesser included offense and the existence of sufficient evidence to support the included offense. The issue before us here is the more fundamental question of whether the District Court erred in concluding that negligent endangerment is not a lesser included offense of aggravated assault under § 46-1-202(8)(c), MCA.

Three alternative definitions of "included offenses," often referred to as lesser included offenses, are contained in § 46-1-202(8), MCA. Fisch offered his proposed instruction that negligent endangerment is an offense included in aggravated assault under subsection (c) of that statute, which provides that an included offense is one that "differs from the offense charged only in the respect that a less serious injury or risk to the same person, . . . or a lesser kind of culpability suffices to establish its commission." Section 46-1-202(8)(c), MCA. We have not previously

3

addressed this specific statutory definition of an included offense.

The offense of aggravated assault is committed if a person "purposely or knowingly causes serious bodily injury to another." Section 45-5-202(1), MCA. The offense of negligent endangerment is committed when a person "negligently engages in conduct that creates a substantial risk of death or serious bodily injury to another . . . ." Section 45-5-208(1), MCA. Fisch argues that the offense of negligent endangerment requires a lesser mental state and a lesser standard of harm than aggravated assault and, as a result, that negligent endangerment is a lesser included offense of aggravated assault under § 46-1-202(8)(c), MCA. We disagree.

The definition of included offense contained in § 46-1-202(8)(c), MCA, is written in the disjunctive and with an "only" qualifier. Thus, an included offense may differ from the offense charged by way of a less serious injury or a less serious risk or a lesser kind of culpability. In other words, an offense is an included offense under § 46-1-202(8)(c), MCA, if it differs from the charged offense in one, but only one, of the three ways set forth in the subsection. This careful drafting permits an offense which differs from the charged offense in only one significant respect regarding degree to be an included offense; at the same time, it prevents the "inclusion" of offenses which differ sharply in several respects from the charged offense.

Fisch's underlying position is that two (or, perhaps, all three) of the subsection (8)(c) variations in degree exist between

4

aggravated assault and negligent endangerment. Under an appropriate reading of the statute, it is clear that even if Fisch were correct as to the existence of these several differences, negligent endangerment would not be a lesser included offense of aggravated assault under § 46-1-202(8)(c), MCA.

Moreover, Fisch's premise that the "less serious injury" criterion contained in § 46-1-202(8)(c), MCA, is met here vis-a-vis negligent endangerment and aggravated assault is incorrect. A less serious injury than the "serious bodily injury" upon which this charge of aggravated assault was based would be "bodily injury." Indeed, the legislature has provided for an offense differing from aggravated assault with respect to the degree of injury, namely, assault. See §§ 45-5-201(1)(a) - (b), MCA.

Similarly, Fisch's argument that the "less serious risk" criterion of § 46-1-202(8)(c), MCA, is met here also fails. First, Fisch meshes the "less serious injury or risk" components into one; as discussed above, the construction of § 46-1-202(8)(c), MCA, does not support this approach. Second, the serious bodily injury upon which the aggravated assault charge is premised is totally unrelated to the seriousness of a "risk" defined in any statute. A "risk" element--of whatever degree--is altogether distinct from an "injury" element; as used in the statute, a risk connotes creating a dangerous situation or condition, while an injury connotes the actual infliction of harm. Risks of varying degrees would compare an element such as the "substantial risk" of death or serious bodily injury contained in the negligent endangerment

5

definition with, for example, a mere "risk" of death or serious bodily injury. Here, Fisch's conduct—even if merely negligent—did not create a risk; it inflicted an actual injury.

Finally, Fisch equates the "lesser kind of culpability" criterion in § 46-1-202(8)(c), MCA, to the mental state element of the two offenses. He reasons that the "negligently engages in conduct" element of negligent endangerment is a lesser degree of culpability than the "purposely or knowingly causes" element of aggravated assault. We need not resolve this question here.

Assuming arguendo that Fisch is correct in this regard, this lesser kind of culpability would be the only trait shared by the two offenses; as discussed above, the other elements of the offenses are qualitatively different and unrelated. Section 46-1-202(8)(c), MCA, explicitly directs that an included offense may differ from the offense charged only in respect to one of the statutory variations.

The District Court correctly concluded that negligent endangerment is not a lesser included offense of aggravated assault under § 46-1-202(8)(c), MCA. As a result, no amount of evidence in support of that offense could have entitled Fisch to a negligent endangerment instruction under that statute. We hold, therefore, that the court did not err in refusing Fisch's proposed instruction on that basis.

Fisch also argues that negligent endangerment is a lesser included offense of aggravated assault under the definition contained in § 46-1-202(8)(a), MCA. A proper analysis of that

6

issue would include application of the so-called <u>Blockburger</u> test for determining whether an offense is a lesser included offense of another offense. <u>See</u>, e.g., State v. Arlington (Mont. 1994), 875 P.2d 307, 329, 51 St.Rep. 417, 433; citing Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed 306.

As set forth above, however, Fisch did not offer his proposed instruction pursuant to § 46-1-202(8)(a), MCA, in the District Court. "It is axiomatic that a party may not change the theory on appeal from that advanced in the district court." State v. Henderson (Mont. 1994), 877 P.2d 1013, 1016, 51 St.Rep. 606, 607 (citation omitted). We decline to address the merits of this argument.

AFFIRMED.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

7

September 20, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Rienne H. McElyea
BERG, LILLY, ANDRIOLO & TOLLEFSEN, P.C.
910 Technoligy Blvd., Suite A
Bozeman, MT 59715

Michael Salvagni
Gallatin County Attorney
615 So. 16th
Bozeman, MT 59715

Hon. Joseph P. Mazurek, Attorney General
George Schunk, Assistant
Justice Building
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy