JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on issue two, regarding the inadmissibility of certain of Cassell’s statements. I dissent from that opinion, both procedurally and substantively, on issue one, whether the District Court erred in refusing appellant’s proposed instruction that assault is a lesser included offense of deliberate homicide.
Procedurally, it is my view that appellant waived the § 46-1-202(8)(c), MCA, argument on which the Court resolves the first issue by not raising it in the District Court. Appellant conceded in this *375 Court, as he did in the District Court, that simple assault is not an “included offense” of deliberate homicide under the Blockburger test we use in applying § 46--202(8)(a), MCA. Thus, the Court quite correctly does not address the Blockburger test. The Court is incorrect, however, in stating that the issue here “is whether the assault is an included offense under subsection (8)(c) [of § 46-1-202, MCA].” In the District Court, and in his opening brief on appeal to this Court, appellant relied on the “related offense” — or “cognate offense” — theory for his argument that he was entitled to a lesser included offense instruction in this case, an argument similar to the one we rejected in State v. Smith (1996), 276 Mont. 434, 916 P.2d 773. The record reflects, and appellant conceded during oral argument, that he did not raise § 46-1-202(8)(c), MCA, in the District Court and raised it here for the first time only in his reply brief. On this procedural background, we are precluded from addressing the subsection (8)(c) argument for two reasons. The first is that a party may not change the theory on appeal from that advanced in the district court. State v. Fisch (1994), 266 Mont. 520, 524, 881 P.2d 626, 629 (citation omitted). The second is that a reply brief “must be confined to new matter raised in the brief of the respondent.” Rule 23(c), M.R.App.P. For both of these reasons, it is my view that we must decline to address appellant’s argument under § 46-1-202(8)(c), MCA.
Indeed, Fisch is controlling on this procedural waiver. There, the defendant was charged with aggravated assault and offered a proposed instruction that negligent endangerment is a lesser included offense of aggravated assault under § 46-1-202(8)(c), MCA. Fisch, 881 P.2d at 627-28. The district court refused the instruction and we held that it was correct in doing so. Fisch, 881 P.2d at 629. The defendant also argued that negligent endangerment is a lesser included offense of aggravated assault under § 46-1-202(8)(a), MCA. We observed that he had not offered the instruction pursuant to § 46-1-202(8)(a), MCA, in the district court and cited to State v. Henderson (1994), 265 Mont. 454, 458, 877 P.2d 1013, 1016, for the long-established axiom that a party may not change the theory on appeal from that advanced in the district court. On that basis, we declined to address the argument presented under § 46-1-202(8)(a), MCA. Fisch, 881 P.2d at 629.
The present case requires the same response as Fisch. Appellant having failed to advance his § 46-1-202(8)(c), MCA, argument in the District Court, we must decline to address it here. To reverse a trial court on a basis never presented to it for resolution — as the Court *376 does here with its § 46-1-202(8)(c), MCA, analysis — is both contrary to the law and unfair to the District Court. I cannot agree.
Substantively, and even if § 46-1-202(8)(c), MCA, were at issue here, I also disagree with the Court’s conclusion that a simple assault is merely a “less serious injury” than a deliberate homicide. It is clear that “bodily injury” as defined in § 45-2-101(5), MCA, is a “less serious injury” than “serious bodily injury” as defined in § 45-2-101(64), MCA. Thus, the “less serious injury” concept in § 46-1-202(8)(c), MCA, is clearly and easily applied in the context of various assault offenses under Part 2, Assault, of Chapter 5, Offenses Against the Person, of Title 45, Crimes.
It is my view, however, that the “bodily injury” required for a simple assault is most assuredly not a “less serious injury’ than deliberate homicide. While homicide may be perceived by some as the “ultimate injury,” death is not an injury of the most serious type but, rather, death is death and it is in a category of its own. The very structure and organization of the Offenses Against the Person contained in the MCA support this view. The offense of deliberate homicide is not set forth as the first and foremost offense in Part 2 of Chapter 5 of Title 45, which delineates the various types of assaults. Rather, the offense of deliberate homicide is the first pífense defined in Part 1 ef Chapter 5, Offenses Against the Person, of Title 45, Crimes. Indeed, Part 1 is entitled “Homicide,” and the various homicide offenses are therein grouped together, to the exclusion of other types of offenses. Each of those defined offenses addresses the “death of another human being;” none includes the word “injury.” See §§ 45-5-102 through 45-5-104, MCA. Nothing in that Part suggests or indicates that a “death” properly can be likened to an assault with the only difference being the degree of “injury.” Indeed, the compartmentalization of the homicide offenses away from the assault offenses reflects the legislature’s perception and intent that a homicide is not merely a more serious injury than a simple assault.
I would affirm the District Court’s refusal of appellant’s proposed lesser included offense instruction on assault.
JUSTICE NELSON joins in the foregoing concurring and dissenting opinion of JUSTICE GRAY.