JUSTICE NELSON
dissents.
While, for the reasons set forth in Justice Karla M. Gray’s dissent, I did not join the majority in State v. Castle (1997), [285 Mont. 363], 948 P.2d 688, our opinion in that case is, nevertheless, now the law of this State and, absent our overruling that decision, we are bound to follow it. Based upon Castle, I conclude that Sellner’s trial counsel rendered ineffective assistance by not offering-a lesser included offense instruction on aggravated assault.
In Castle we stated:
A defendant may be convicted only of the “greatest included offense about which there is no reasonable doubt.” Section 46-16-606, MCA. A defendant is therefore entitled to an instruction on a lesser included offense if any evidence exists in the record from which the jury could rationally find him guilty of the lesser offense and acquit of the greater. Section 46-16-607(2), MCA; State v. Fisch (1994), 266 Mont. 520, 522, 881 P.2d 626, 628. The purpose of this rule is to ensure reliability in the fact-finding process. It avoids the situation where the jury, convinced that the defendant is guilty of some crime, although not necessarily the crime charged, convicts the defendant rather than let his action go unpunished simply because the only alternative was acquittal. [State v.] Gopher [(1981), 194 Mont. 227, 231], 633 P.2d [1195,] 1197-98.
Castle, 948 P.2d at 690.
Within the context of those general principles, we then engaged in a two-step analysis. First, we determined that the offense of assault, § 45-5-201, MCA (typically charged as a misdemeanor) is a lesser included offense of deliberate homicide, § 45-5-102, MCA, a felony. We reached that conclusion by rejecting the State’s argument that we simply apply the traditional “elements” test enunciated in Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. Instead, we directed our attention to the broader definition of “included offense” contained in § 46-1-202(8), MCA. We pointed out that, while subsection 8(a) of this statute included the Blockburger test, *404 subsection 8(c) defines “included offense” as one that “differs from the offense charged only in the respect that a less serious injury or risk to the same person, ... or a lesser kind of culpability suffices to establish its commission.” We then pointed out that the only difference between assault and deliberate homicide is that “a less serious injury ... suffices to establish’ the crime of assault.” Castle, 948 P.2d at 691 (quoting § 46-1-202(8)(c), MCA). Accordingly, under the rationale articulated in Castle, the offense of aggravated assault is clearly a lesser included offense of deliberate homicide. Like assault, the only difference between aggravated assault and deliberate homicide is that a ‘less serious injury ... suffices to establish” the crime of aggravated assault.
As the second prong of our analysis in Castle, we next focused on whether there was some basis in the evidence from which a jury could rationally conclude that the defendant was guilty of the lesser, but not the greater offense, thus necessitating the giving of the lesser-included-offense instruction. We answered that inquiry in the affirmative in Castle, and we must, likewise, do so in the case at bar. As the majority points out, there was evidence presented in the instant case that not only was Sellner acting with poor judgment under extreme stress because of his political/religious environment when he shot at Deputy Parcell, but also that, in his own mind at least, Sellner believed that the Deputy was wearing a flack jacket and that if he shot him in the chest the officer would not be hurt.
While this evidence might be inherently weak and implausible, nevertheless, this was Sellner’s theory of defense, and it was up to the jury to decide who and what to believe. Again, a defendant is entitled to an instruction on a lesser included offense if any evidence exists in the record from which the jury could rationally find him guilty of the lesser offense and acquit of the greater. Section 46-16-607(2), MCA; Castle, 948 P.2d at 690; Fisch, 881 P.2d at 628. In my view, and regardless of how I, as a judge, might evaluate this evidence, a jury of twelve lay persons could rationally have concluded that Sellner was not guilty of attempting to kill Deputy Parcell, but, rather, was only guilty of doing or attempting to do him serious bodily injury. In point of fact, in this very case, after deliberating some ten hours, the jury acquitted Sellner of one of the offenses with which he was charged-i.e., the felony offense of criminal endangerment. Accordingly, I suggest that the jury’s decision was not quite the “slam-dunk” that the majority portrays it to be and that the fact finders *405 should have been given the opportunity to rule on the full range of Sellner’s defense theory.
Finally, in the context in which this issue is presented on appeal— ineffective assistance of counsel — I also conclude that, in failing to offer a lesser-included-offense instruction on the basis of aggravated assault, Sellner’s trial counsel (who was not the same person as appellate counsel) was not performing within the range of competence demanded of attorneys under similar circumstances and that, by reason of this inadequate performance, Sellner suffered prejudice. Strickland v. Washington (1984), 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed. 2d 674.
As to the first Strickland prong — inadequate performance — given the facts of this case and the nature of Sellner’s defense; given the black-letter law set out in §§ 46-16-607 and 46-l-202(8)(c), MCA; and given our decision in Fisch, I would hold that the performance of defendant’s trial counsel was not commensurate with the range of competence demanded of attorneys under similar circumstances. Keep in mind that Sellner admitted shooting Deputy Parcell and that, absent the jury believing he shot the officer in self-defense and, thus, totally exonerating his conduct on the basis of bis “conspiracy” theory, Sellner was, in all probability, going to be convicted of some criminal act. It appears that even Sellner did not hold out much hope for a complete acquittal on the basis of self-defense. Since he also offered an attempted mitigated deliberate homicide lesser-included-offense instruction, he obviously was not pursuing the tactic of trying to force the jury into an “all or nothing” verdict by not offering any lesser-included-offense instructions. Moreover, there was some evidence presented at trial that Sellner was only attempting to injure, rather than kill Deputy Parcell and that his state of mind was consistent with the lesser offense of aggravated assault.
Given all of these circumstances, it is hard to imagine why a competent criminal defense attorney would not have offered the lesser-included-offense instruction of aggravated assault. If there was a down side of doing so given the facts of this case, I am hard pressed to determine what it would have been. The jury could still have acquitted Sellner on the basis of justifiable use of force. However, as an alternative to attempted deliberate homicide and attempted mitigated deliberate homicide, they also could have been given the opportunity to consider convicting Sellner of aggravated assault — had the lesser-included-offense instruction been offered. Proposing such an instruction would not have been inconsistent with *406 the evidence or with Sellner’s “try for acquittal, but also cover all other bases” trial strategy. If the judge refused to give the offered instruction, the issue would have been preserved for direct appeal; if the judge gave the instruction and the jury found Sellner guilty of a lesser offense of aggravated assault, he would have been subject to a substantially shorter prison term; and if the jury rej ected aggravated assault in favor of one of the other two greater crimes, Sellner would have been no worse off than he is now. Offering the lesser-included-offense instruction on aggravated assault was simply a “win-win” decision; and trial counsel was not performing within the range of competence demanded of attorneys under similar circumstances when he failed to do so.
As to the second prong of Strickland — prejudice—obviously, by reason of his counsel’s inadequate performance, Sellner was deprived of any chance to have the jury conclude that he was guilty of a lesser crime than attempted deliberate homicide or attempted mitigated deliberate homicide and of a concomitant opportunity to be not sentenced to life in prison for the former offense or to a 40-year prison term for the latter. Had trial counsel offered the lesser-included-offense instruction, the result of this case may have been a good deal more favorable to Sellner — he may only have been convicted of aggravated assault and subjected to a sentence of 20 years in prison or less. Hence, prejudice is clearly apparent here.
On the basis of the foregoing, I would hold that Sellner was deprived of effective assistance of counsel, and I would reverse and remand for a new trial. It is said that hard cases make bad law and result-oriented decisions. This is such a case; and we have.
I dissent.
JUSTICES GRAY and HUNT join in the foregoing dissent.