JUSTICE TRIEWEILER
specially concurring and dissenting.
¶62 I concur with the majority’s conclusions that the District Court did not err by limiting cross-examination of the investigating officer or by admitting photographs of the vehicle which had been operated by the defendant. I also concur that the defendant was not placed twice in jeopardy by being arraigned on the amended information after his jury had been impaneled and sworn.
¶63 I dissent from the majority’s conclusions that the District Court did not err when it refused to instruct the jury on the lesser included offense of reckless driving, or when it admitted the irrelevant and in *355 flammatory evidence about which the defendant has complained on appeal.
INCLUDED OFFENSE ISSUE
¶64 Pursuant to statute in Montana, a defendant is entitled to have the jury instructed on a lesser included offense which is supported by the evidence. Section 46-16-607, MCA, provides, in relevant part:
(2) A lesser included offense instruction must be given when there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense.
¶65 We discussed the importance of a lesser included offense instruction, when supported by the evidence, in State v. Castle (1997), 285 Mont. 363, 367, 948 P.2d 688, 690. There we stated:
A defendant is therefore entitled to an instruction on a lesser included offense if any evidence exists in the record from which the jury could rationally find him guilty of the lesser offense and acquit of the greater. Section 46-16-607(2), MCA; State v. Fisch (1994), 266 Mont. 520, 522, 881 P.2d 626, 628. The purpose of this rule is to ensure reliability in the fact-finding process. It avoids the situation where the jury, convinced that the defendant is guilty of some crime, although not necessarily the crime charged, convicts the defendant rather than let his action go unpunished simply because the only alternative was acquittal. [State v. ]Gopher [(1981)], [194 Mont. 227 at 229], 633 P.2d [1195] at 1197-98.
¶66 We discussed the circumstances under which a lesser included offense instruction is required in State v. Gopher (1981), 194 Mont. 227, 633 P.2d 1195. In that case, the issue was whether the defendant, who had been charged with aggravated assault pursuant to § 45-5-202(l)(d), MCA, for kicking a police officer while the officer tried to arrest him, had a right at his trial to have the jury instructed on the lesser offense of resisting arrest in violation of § 45-7-301, MCA. The district court refused to instruct on the lesser offense, and on appeal the State argued that a lesser offense instruction should only be required where there is an “inherent relationship” between the offense charged and the lesser offense. This Court described the “inherent relationship” test as follows:
The “inherent relationship” test is a product of several United States Supreme Court cases culminating in Keeble v. United States (1973), 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844. In Keeble the Court held that "... the defendant is entitled to instructions on a *356 lesser included offense, if evidence would permit the jury rationally to find him guilty of the lesser offense and acquit him of the greater.” 412 U.S. at 208, 93 S.Ct. at 1995. In other words, the test to be applied is, if the lesser offense is supported by the evidence and is “inherently related” to the greater offense, then the instruction should be given to the jury.
Gopher, 194 Mont. at 229-30, 633 P.2d at 1196-97.
¶6 7 This Court declined to adopt the “inherent relationship” test because it concluded that it did not differ in any appreciable way from the standard that has been used in this state, which was set forth in State v. Ostwald (1979), 180 Mont. 530, 591 P.2d 646. That test was described as follows:
Finally, from the language of Ostwald, i.e., “[a] defendant is entitled to instructions on lesser included offenses if any evidence exists in the record which would permit the jury to rationally find him guilty of a lesser offense and acquit him of a greater,” 591 P.2d 651, it is clear that the instruction on resisting arrest should have been presented to the jury.
Gopher, 194 Mont. at 231, 633 P.2d at 1197 (emphasis added.)
¶68 It is clear that “lesser offense,” as discussed in Gopher, is interchangeable with the statutory definition of “included offense” found at § 46-l-202(8)(a), MCA, which provides: “ ‘Included offense’ means an offense that: (a) is established by proof of the same or less than all the facts required to establish the commission of the offense charged.”
¶69 In this case, the defendant, Ronald Beavers, was charged with criminal endangerment, in violation of § 45-5-207, MCA, based on the manner in which he operated his motor vehicle through a residential neighborhood in Great Falls. His conduct consisted of traveling at an excessive rate of speed, failing to stop where required to do so, nearly colliding with a truck and pedestrian, and ultimately colliding with a patrol car.
¶70 Reckless driving, in violation of § 61-8-301(l)(a), MCA, could have been proven based on the same behavior, but based on a finding that Beavers’ mental state was “willful or wanton,” rather than “knowing,” and that he showed “disregard for the safety of persons or property,” rather than that he created “a substantial risk of death or serious bodily injury to another.” Therefore, the lesser offense of reckless driving could have been established by the same “or less than all the facts required to establish the commission of the offense charged.”
*357 ¶71 In paragraph 29, the majority sets forth the State’s arguments and then agrees that for those reasons, reckless driving cannot be a lesser included offense of criminal endangerment pursuant to § 46-l-202(8)(a), MCA. However, the State’s argument was not addressed to the plain statutory language found at § 46-l-202(8)(a), MCA, it was addressed to the now discredited “Blockburger test” which this Court had previously and erroneously applied to interpret the statutory definition of an included offense.
¶72 It makes no sense to do, as the majority has done, and simply adopt the State’s inapplicable argument. For example, the fact that one offense requires proof of a greater degree of culpability and a greater degree of risk to others than the other offense does not preclude the latter offense from being included. On the contrary, it brings the latter included offense within the plain language of § 46-l-202(8)(a), MCA, which defines an “included offense” as one that requires proof of less than all the facts required to prove the offense charged. Furthermore, it is not true that reckless driving required proof of operating a motor vehicle while criminal endangerment did not. The State’s charge of criminal endangerment was, in this case, based on the defendant’s operation of his motor vehicle. That charge could not have been proven without proof that defendant operated the motor vehicle.
¶73 I conclude that reckless driving was a lesser included offense pursuant to § 46-l-202(8)(c), MCA for the same reasons. Subsection (c) defines an included offense as one that differs from the charged offense in that it requires proof of a less serious risk to persons or a lesser kind of culpability. Reckless driving differs from criminal endangerment as applied to the facts in this case only in the sense that a lesser degree of culpability and less risk to others needed to be proven in order to establish guilt. Reckless driving is a classic example of a lesser included offense of criminal endangerment as defined by § 46-l-202(8)(c).
¶74 In paragraph 31, the majority dismisses the applicability of subsection (c) because reckless driving required proof of driving a car, whereas criminal endangerment does not. However, that analysis is incorrect. Proof of criminal endangerment in this case required proof that Beavers drove a car. The same motor vehicle operation had to be proven to establish either criminal endangerment or reckless driving.
¶75 It is clear based on our statutory language and our precedent that Beavers was entitled to an instruction on the included offense of *358 reckless driving. We have previously held that a defendant is entitled to a lesser included offense instruction if “any evidence exists in the record which would permit the jury to rationally find him guilty of a lesser offense and acquit him of a greater.” State v. Ostwald (1979), 180 Mont. 530, 538, 591 P.2d 646, 651. Clearly, the same evidence which permitted the jury to find Oswald guilty of criminal endangerment in this case would have permitted it to find him guilty of reckless driving and acquit him of criminal endangerment.
¶76 This case, in combination with the majority’s decision in State v. Martinosky, 1999 MT 122, [294 Mont. 427], 982 P.2d 440, demonstrates this Court’s willingness to overlook the law of lesser included offenses when it is necessary to do so in order to affirm convictions. In the process, the majority completely ignores the admonition from State v. Castle that:
The purpose of this rule is to ensure reliability in the fact-finding process. It avoids the situation where the jury, convinced that the defendant is guilty of some crime, although not necessarily the crime charged, convicts the defendant rather than let his action go unpunished simply because the only alternative was acquittal.
Castle, 258 Mont. at 367, 948 P.2d 690.
¶77 I would conclude, as this Court did in Gopher, that the defendant is entitled to an instruction on a lesser offense (lesser referring to the severity of the penalty) if the evidence would permit a jury to rationally find him guilty of that offense and the conduct prohibited is reasonably related to the conduct prohibited by the offense with which the defendant is charged. I conclude that based on the facts in this case, a jury could rationally have found Beavers guilty of reckless driving, and that the offense of reckless driving is related to the offense of criminal endangerment when based on the operation of a motor vehicle. Therefore, I conclude that the District Court erred when it declined to instruct the jury on the lesser included offense of reckless driving.
¶78 I also disagree with the majority’s conclusion that an offense cannot be lesser included pursuant to § 46-l-202(8)(c), MCA, when the offense requires both less culpability and involves a less serious injury or risk. I agree that that was the holding in State v. Fisch (1994), 266 Mont. 520, 881 P.2d 626, but conclude that Fisch was wrongly decided, and would reverse that case. However, based upon *359 the previous analysis under subsection (a), further analysis under subsection (c) is not necessary in this case.
EVIDENTIARY ERRORS
¶79 I also dissent from those parts of the majority opinion which hold that the District Court did not err when it admitted evidence of vulgar and offensive remarks made by the passenger in the defendant’s vehicle prior to the time that the defendant embarked upon operation of his motor vehicle in the way that led to the charges against him. The majority concludes that those remarks were admissible as res gestae and concedes that res gestae is codified in Montana at § 26-1-103, MCA. That section provides that “[wjhere the declaration, act, or omission forms part of a transaction which is itself the fact in dispute or evidence of that fact, such declaration, act, or omission is evidence as part of the transaction.” Obscene and offensive remarks made by Beavers’ passenger while his vehicle was stopped were not part of the transaction which was in dispute. Beavers was charged with criminal endangerment for the manner in which he operated his motor vehicle after he was stopped. Remarks made prior to the time that he operated his vehicle in that fashion had nothing to do with the transaction in dispute. In fact, they were entirely irrelevant to any issue in this case. “Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Rule 401, M.R.Evid. The issues in this case involve the manner in which Beavers operated his motor vehicle, whether he did so knowingly, and whether in doing so he caused risk of serious bodily injury or death to someone else. Remarks made by a passenger in his vehicle prior to the time that he embarked on the journey which led to his charges had no tendency to make any fact of consequence more or less probable.
¶80 I would conclude that what has been said in this opinion about the remarks of Beavers’ passenger also applies to the evidence that there was a felony warrant for Beavers, that he was considered an escape risk, and that he resisted arrest after his vehicle was stopped.
¶81 The majority concludes that evidence of a felony warrant and the fact that Beavers was thought to be an escape risk was relevant to explain why the arresting officers were justified in their pursuit of the defendant. However, justification for the officers’ pursuit was not necessary to prove Beavers’ guilt. The officers were not on trial for pursuing Beavers. He was on trial for trying to elude them. The fact *360 that the officers may have acted unreasonably by pursing Beavers through the same neighborhood and at the same speed which formed the basis for charges of criminal endangerment was not an affirmative defense to the charges against Beavers.
¶82 For the foregoing reasons, I dissent from the majority opinion. I would reverse the judgment of the District Court and remand for a new trial with proper instructions to the jury and exclusion of evidence which was irrelevant, inflammatory, and prejudicial.
JUSTICE HUNT joins in the foregoing specially concurring and dissenting opinion.