JUSTICE TRIEWEILER
dissenting.
¶54 I dissent from the majority Opinion. I would reverse the judgment of the District Court for failure of the District Court to properly instruct the jury on lesser included offenses.
¶55 Without regard to this Court’s decision in State v. Fisch (1994), 266 Mont. 520, 881 P.2d 626, which I believe incorrectly interpreted § 46-l-202(8)(c), MCA, Hoffman was at least, in this case, entitled to an instruction that the jury could find him guilty of the lesser included offense of criminal endangerment in violation of § 45-5-207, MCA (1997).
¶56 A person commits the offense of aggravated assault if that person “purposely or knowingly causes serious bodily injury to another.” Section 45-5-202, MCA. A person commits the offense of criminal endangerment if that person “knowingly engages in conduct that creates a substantial risk of death or serious bodily injury to another....” Section 45-5-207, MCA.
¶57 Section 46-l-202(9)(a), MCA, defines “included offense” as an offense that “is established by proof of the same or less than all the facts required to establish the commission of the offense charged....” Subsection (9)(c) of the same statute defines “included offense” as an offense that “differs from the offense charged only in the respect that a less serious injury or risk to the same person ... suffices to establish its commission.”
¶58 By either of the above definitions, criminal endangerment is a lesser included offense of aggravated assault because 1) it is proven by the same or less than all the facts required to prove aggravated assault (i.e., risk of injury rather than actual injury); and 2) criminal endangerment differs from aggravated assault only in the sense that less serious injury or risk is required to establish its commission (i.e., risk of injury as opposed to actual injury).
¶59 Section 46-16-607(2), MCA, provides as follows:
A lesser included offense instruction must be given when there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense.
¶60 The language of 46-16-607(2), MCA, is mandatory. In State v. Castle (1997), 285 Mont. 363, 948 P.2d 688, we held that:
A defendant is therefore entitled to an instruction on a lesser included offense if any evidence exists in the record from which the jury could rationally find him guilty of the lesser offense and *173 acquit of the greater. Section 46-16-607(2), MCA; State v. Fisch (1994), 266 Mont. 520, 522, 881 P.2d 626, 628. The purpose of this rule is to ensure reliability in the fact-finding process. It avoids the situation where the jury, convinced that the defendant is guilty of some crime, although not necessarily the crime charged, convicts the defendant rather than let his action go unpunished simply because the only alternative was acquittal.
Castle, 285 Mont. at 367, 948 P.2d at 690. (Citation omitted.)
¶61 Because Castle was denied a lesser included offense instruction which found support in the record, he was granted a new trial. For the same reason, Hoffman is also entitled to a new trial. Hoffman’s counsel proposed a lesser included offense instruction, including the offense of criminal endangerment. That offense was supported by evidence in the record and the District Court was obligated by statutory and common law to give the instruction.
¶62 The majority Opinion acknowledges in ¶ 5 that the District Court’s failure to give a criminal endangerment instruction is an issue on appeal and acknowledges in ¶ 13 that Hoffman proposed a lesser included offense instruction on criminal endangerment but then, inexplicably, fails to even discuss the failure to give the instruction in its Opinion. Furthermore, the majority’s refusal to consider Hoffman’s proposed instruction on negligent endangerment for failure to preserve that argument on appeal misstates Hoffman’s obligation and misstates the actual record.
¶63 We have previously stated in State v. Grimes, 1999 MT 145, 295 Mont. 22, 982 P.2d 1037, what is necessary in order to preserve an issue regarding failure to give jury instructions for appeal. There we stated:
When a party proposes a jury instruction and the trial court refuses to give the instruction, the court knows that there is an issue of law raised by the party seeking the instruction and, from the nature of the proposed instruction, knows the nature of the party’s contentions. Therefore, we hold that when a party proposes an instruction which is rejected by the trial court, that party has made a sufficient objection for the purposes of § 46-16-410, MCA, and has no duty to make a further objection for the record.
Grimes, ¶ 39.
¶64 The suggestion by this Court in State v. Fisch that, in order to preserve an objection to a district court’s refusal to give a proper instruction, a party must not only bring to the district court’s attention the proper statutory authority for the instruction, but also the proper *174 subsection of that statutory authority, places an unreasonable and unnecessary burden on trial counsel and reflects a detachment in this Court from the actual realities of litigation. Giving this Court’s renewed imprimatur to the unrealistic expectations of the Fisch opinion is wrong and simply an example of avoiding enforcement of the law by constantly increasing litigators’ procedural obligations.
¶65 Furthermore, even if this Court was going to enforce the unrealistic procedural requirements of State v. Fisch, Hoffman’s counsel satisfied them when he stated in support of his proposed instructions on lesser included offenses that:
Of course, we rely on 46-1-202, subsection 8, wherein included offense means an offense that is established by proof of the same or less than all the facts required to establish the commission of the offense charged, or it can be where it differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission.
¶66 The italicized portion of counsel’s argument obviously refers to § 46-l-201(8)(a), MCA. The remainder of his argument related to subparagraph (c).
¶67 That fact having been pointed out to the majority, it now adds to its Opinion the unprecedented requirement that counsel not only bring to the court the proper statutory authority for his proposed instruction, but that he spend as much time arguing in support of that section as he does in support of equally applicable statutory authority.
¶68 In other words, according to the majority, even though counsel preserved his .objection to the court’s failure to properly instruct the jury by proposing a proper instruction; and even though counsel took the additional unnecessary step of citing to the District Court the proper statutory authority for his proposed instruction, the majority has in effect found that he waived his right to rely on the first authority by spending more time arguing distinct but equally applicable authority in the District Court. I have never seen a more result-oriented effort to affirm a criminal conviction. Nor, in the process, have I seen a more unreasonable burden placed on trial counsel.
¶69 The inevitable result will simply be more convictions which disregard the law. That might make the County Attorneys Association happy for at least a day, but it is not consistent with this Court’s responsibilities.
¶70 The evidence in this case supported a criminal endangerment instruction. Hoffman’s attorney offered the instruction and, although it should not have been required, brought to the Court’s attention the *175 correct statutory authority for the instruction. Hoffman’s attorney appealed the District Court’s refusal to instruct the jury that criminal endangerment is a lesser included offense and has again argued the appropriate authority for the instruction. This Court acknowledges the issue on appeal but refuses to even discuss it, misstates what is required of Hoffman to preserve the issue on appeal and then mischaracterizes the arguments actually made by Hoffman’s counsel in the District Court. I know this Court is busy, but litigants deserve better.
¶71 For these reasons, I dissent from the majority Opinion.
JUSTICE COTTER joins in the foregoing dissent.