JUSTICE LEAPHART,
dissenting.
¶52 I dissent. I would reverse the conviction due to the District Court’s failure to give an instruction on the lesser included offense of misdemeanor assault.
¶53 Pursuant to §46-16-607(2), MCA (2005), a lesser included offense instruction must be given when there is a proper request by one of the parties, and the jury, based on the evidence, could be warranted in finding the defendant guilty of a lesser included offense,” rather than the greater offense. See also, State v. Martinosky, 1999 MT 122, ¶ 18, 294 Mont. 426, 982 P.2d 440. An included offense is one that “differs from the offense charged only in the respect that a less serious injury or risk to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.” Section 46-1-202(9)(c), MCA (2005). An offense is included pursuant to this subsection even if it differs from the charged offense in only one of the described fashions. State v. Fisch, 266 Mont. 520, 523, 881 P.2d 626, 628 (1994).
¶54 Defense counsel argued Cameron should be reversed, failure to do so would result in denying Gerstner the ability to present his theory *97 of the defense to the jury, and the facts of this case could support a jury finding of guilt on misdemeanor assault.
¶55 In Cameron, the defendant argued misdemeanor assault, which requires proof that a person purposely or knowingly causes bodily injury or makes physical contact of an insulting or provoking nature with another, differs from the felony charge of sexual assault only in the respect that the former presents a less serious risk than the latter. State v. Cameron, 2005 MT 32, 326 Mont. 51, 106 P.3d 1189. Thus, Cameron contended, misdemeanor assault can actually constitute a lesser included offense of sexual assault pursuant to §46-l-202(9)(c), MCA. However, in that case, the State charged Cameron with sexual assault pursuant only to subsection (b) of the sexual contact statute, which requires proof that the touching was done fin order to knowingly or purposely arouse or gratify the sexual response or desire of either party,” and the State proposed and the district court gave instructions only on that subsection. Consequently, the jury could not have convicted Cameron of sexual assault based on a finding that the touching was done in order to knowingly or purposely humiliate, harass, or degrade or to cause bodily injury to the victim. This Court, therefore, concluded “misdemeanor assault does not constitute an included offense of sexual assault as charged here,” and concluded there was no error in failing to give an instruction on misdemeanor assault. Cameron, ¶ 27 (emphasis added).
¶56 Cameron did not address whether misdemeanor assault is a lesser included offense of sexual assault when the charging documents allow the jury to convict on either subsection (a) or subsection (b) of the sexual contact statute.
¶57 Gerstner concedes there was no evidence in the record to support a finding that he took any actions to cause bodily injury to the boys and no bodily injury occurred. However, the jury could have concluded the physical contact at issue in this case was minimal and did not rise to the level required for sexual assault. Gerstner had a very close relationship with the boys, was very affectionate with them, enjoyed their company, and was sad when they were not around. He was a young man himself, and immature for his age. The jury may have concluded Gerstner’s subjecting fifteen-year-old males to inappropriate touching had nothing to do with a desire to humiliate, harass, or degrade the young men, but, nonetheless, was insulting or provoking in nature to these boys and to society in general. Consequently, there was sufficient evidence in the record to support the giving of instructions on the lesser included offense of misdemeanor assault. *98 The District Court’s failure to do so was error and Gerstner is entitled to a new trial on these charges.
JUSTICES COTTER and NELSON join the dissent of JUSTICE LEAPHART.